IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD M. PEDEN, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:13-cv-0915 |
| DAVIDSON COUNTY SHERIFF'S OFFICE, OFFICER HAWKINS, OFFICER JONES, | ) ) Judge Sharp ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Donald Peden, Jr., a state inmate or pretrial detainee incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC") in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). The Court has granted the plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Based on these standards, the plaintiff's action will be dismissed for failure to state a claim.

**I.      Standard of Review**

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**II.     Factual Allegations**

The defendants named in this action are the Davidson County Sheriff's Office, and Officers Hawkins and Jones, both employed by the Davidson County Sheriff's Office.

In his complaint, the plaintiff alleges only that Officers Hawkins and Jones walked up to him while he was working in the hallway of the CJC on July 23, 2013. Officer Hawkins stood in front of the plaintiff "with his hand at his penis trying to get [the plaintiff] to look at it." (ECF No. 1, at 3.) The security cameras in the hallway were positioned in such a way as not to catch Officer Hawkins' action. Officer Hawkins approached the plaintiff a second time and did the same thing, this time in front of the officers' office door. Again the security cameras were angled away from Officer Hawkins. The plaintiff does not allege that Officer Hawkins ever touched him. The plaintiff states that he asked to speak to a "sexual harassment worker" and that he filed a grievance related to the matter, but his grievance was not sustained.

The plaintiff seeks damages and injunctive relief.

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court finds that the complaint fails to state a claim against the Davidson County Sheriff's Office, because the Sheriff's Office is a political subdivision of the county, and is not itself a suable entity. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a police department is not a suable entity under § 1983). Even if the Court were to liberally construe the complaint as asserting a claim against Davidson County instead, the claim would be subject to dismissal because, as discussed below, the plaintiff fails to show that he has suffered the violation of any constitutional right.

With respect to the claims against Hawkins and Jones, the plaintiff does not identify which of his

rights has been violated, but the Court presumes his claims are brought under either the Eighth or the Fourteenth Amendment, depending upon whether the plaintiff is a convicted inmate or a pretrial detainee. *See Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (recognizing that the Eighth Amendment is the primary protection for convicted persons, and the Fourteenth Amendment protects pretrial detainees). The level of protection provided under the Fourteenth Amendment is analogous to that provided under the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Gray v. City of Detroit*, 399 F.3d 612 (6th Cir. 2005).

The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment actually protects a wide assortment of interests, and has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). To implicate the Eighth Amendment, the alleged deprivation must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998) (quoting *Rhodes*). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam).

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted). However, "[t]o prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See, e.g.*, *Solomon v. Mich. Dep't of Corrs.*, 478 F. App'x 318, 320 (6th Cir. 2012) (holding that two episodes of sexual touching coupled with sexually offensive remarks did not constitute an Eighth Amendment violation); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Howard v. Everett*, 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) ("[S]exual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain."); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation alone was not sufficient to state a claim under the Eighth Amendment). The Sixth Circuit has also held that even minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, 215 F.3d 1326 (Table), 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

Here, the plaintiff does not allege that defendant Hawkins or defendant Jones ever touched him or had any form of physical contact with him. Moreover, the plaintiff does not suggest in his complaint that he was subjected to any physical injury. Rather, the plaintiff claims a mental or emotional injury as a result of the two alleged incidents of sexual harassment. Under 42 U.S.C. § 1997e(e) "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden–Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

The Court finds under the facts presented here that the plaintiff fails to allege a violation of his rights under the Eighth or Fourteenth Amendment. The complaint will therefore be dismissed in its entirety. An appropriate order is filed herewith.

                                                      Kevin H. Sharp
                                                     United States District Judge