IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD M. PEDEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-0915 |
| ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE, ) | Judge Sharp |
| OFFICER HAWKINS, OFFICER JONES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Donald Peden is a state prisoner or pretrial detainee presently incarcerated at Davidson County Sheriff's Office – Criminal Justice Center ("CJC") in Nashville, Tennessee. Presently before the Court is the plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2). In addition, because the plaintiff will be permitted to proceed *in forma pauperis*, and because he is a prisoner who seeks relief against government officials, his complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

A.  **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a).[1] Because the plaintiff properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

---

[1] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a United States District Court, as a result of which the fee for filing a new civil case increased from $350 to $400 ($350 filing fee + $50 administrative fee). The $50 administrative fee, however, does not apply to cases filed by *pro se* prisoner plaintiffs who have been provisionally granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.


plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the CJC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address.

B. **Dismissal of the Complaint**

For purposes of the initial review required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that the complaint fails to state a claim for which relief may be granted. The complaint is therefore **DISMISSED**.

The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

For purposes of analysis under 28 U.S.C. § 1915(g) of future complaints filed by this plaintiff, if any, the dismissal of this action constitutes a "strike" under § 1915(g), which shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge